UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **LINDA D. ROBINSON,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CASE NO. 7:18-CV-00130-CM** |
| | § | |
| | § | |
| **CLIENT SERVICES, INC.,** | § | |
| *Defendant.* | § | |

**DEFENDANT CLIENT SERVICES, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

COMES NOW, Defendant CLIENT SERVICES, INC. ("**CSI**") and files its *Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)* as follows:

### INTRODUCTION

1. Plaintiff's action is based on a single factual allegation which she contends is a violation of both the Fair Debt Collection Practices Act ("**FDCPA**") and the Texas Debt Collection Act ("**TDCA**"). Specifically, Plaintiff complains of the following language contained in a collection letter she allegedly received:

    Balance Due at Charge-Off:   $5,967.23
    Interest:                    $0.00
    Other Charges:               $0.00
    Payments Made:               $0.00

(Doc. 1 at 3).

2. Plaintiff argues that she was "[c]onfused and misled by the nature of Defendant's collection letter, specifically the inclusion of 'interest' and 'other charges,'" and that the "the

inclusion of these references would leave unsophisticated consumers guessing about the economic consequences of failing to pay immediately." (*Id*. at 3 - 4).

3. Plaintiff's claim has been heavily litigated in district courts throughout the Second Circuit over the past few years. Just recently, the Court of Appeals for the Second Circuit addressed the allegation posed by Plaintiff and, in no uncertain terms, held that it has no merit. *Taylor v. Fin. Recovery Serv., Inc.*, 886 F.3d 212 (2d Cir.), *reh'g denied*, No. 17-1650 (2nd Cir. May 14, 2018). Plaintiff's claim has also recently been litigated against CSI in Plaintiff's counsel's own backyard, and the district court dismissed Plaintiff's claim under Rule 12(b)(6). *Delgado v. Client Services, Inc.*, Case No-17-c-4364, 2018 WL 1193741 (N.D. Ill. Mar. 7, 2018).

4. Plaintiff's claim cannot survive the burden set forth under Federal Rule of Civil Procedure 12(b)(6). Accepting all of the facts in Plaintiff's complaint as true, she has still failed to state a claim upon which relief can be granted. For the reasons outlined below, this Court should follow the precedent set out by the Second Circuit and numerous district courts by dismissing Plaintiff's claim.

## STANDARD OF LAW

5. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* Consequently, although well-pled factual allegations in the plaintiff's complaint is taken as true, a plaintiff must

provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*., at 678 (citing *Twombly*, 550 U.S. at 555).

6.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitled to relief." *Id*., at 687 (citing *Twombly*, 550 U.S. at 557). Although detailed factual allegations are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 664 (citing *Twombly*, 550 U.S. at 555).

## ARGUMENT & AUTHORITIES

7.  The letter at issue sent by CSI is not false, misleading or deceptive under the consumer statues relied upon by Plaintiff. Rather, the letter clearly informs Plaintiff of the amount owed, which includes an itemization of that amount. CSI's letter, in pertinent part, states the following:

    Balance Due at Charge-Off:   $5,967.23
    Interest:                    $0.00
    Other Charges:               $0.00
    Payments Made:               $0.00

(Doc. 1 at 3). This letter explicitly states that no interest or fees have accrued on the debt. (*Id*.). Nevertheless, Plaintiff argues that the letter left her in a state of confusion. (*Id*. at 3 - 4). Therefore, the obvious must be said—It is difficult to see how even the least sophisticated consumer would

be confused into believing that interest and/or fees would accrue on a debt when *explicitly told that the debt has never incurred interest and/or fees*.

8.      Courts have carefully preserved the concept of reasonableness and have presumed that debtors have a basic level of understanding and willingness to read the relevant documents with care in order to safeguard bill collectors from liability for consumers' bizarre or idiosyncratic interpretations of collection notices.  *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir.1993); *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3rd Cir. 2008); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012).  As such, Plaintiff's seemingly intentional disregard for plain reading of the letter cannot be supported.

9.      The Second circuit has recently addressed Plaintiff's specific claim and held it to be without merit under the least sophisticated consumer standard.[1]  Plaintiff argues that "the inclusion of these references would leave unsophisticated consumers guessing about the economic consequences of failing to pay immediately." (*Id.* at 3 - 4).  Discussing Plaintiff's same claim, the Second Circuit held:

> Of course, being informed that their debts were not accruing interest or fees could have been advantageous to Taylor and Klein, as it would have alerted them to the fact that they could delay repayment without their debts increasing. *Thus, the only harm that Taylor and Klein suggest a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later. This supposed harm falls short of the obvious danger facing consumers in Avila.*
>
> *It is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts.* And requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive for them to continue accruing interest or fees on debts when they might not otherwise do so. *Construing the FDCPA in light of its consumer protection purpose, we hold that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not*

---

[1] The Fifth Circuit has not adopted this standard.  *McMurray v. ProCollect, Inc.*, 687 F. 3d 665, 671 (5th Cir. 2012). This is the highest standard allowed within this area of law.  Presumably, the Fifth Circuit would be less inclined to follow this high standard.

>   *misleading within the meaning of Section 1692e*.

*Taylor*, 886 F.3d at 214.

10. The Second Circuit has explicitly stated that no real harm comes from a collector failing to explain that payment could be delayed without the debt increasing. (*Id*.). And, in this case, CSI did Plaintiff one better by specifically stating that interest and fees were not accruing. (Doc. 1 at 3). In no uncertain terms, the Second Circuit made it clear that 1) a collection notice is not required to disclose that interest and fees are not accruing when they are not accruing, and 2) that the FDCPA does not impose a duty to encourage consumers to delay repayment of their debts. *Taylor*, 886 F.3d at 214. Thus, Plaintiff has no actionable claim.

11. Since *Taylor*, a district court in New York has granted a Rule 12(b)(6) Motion to Dismiss on this exact claim stating that "Plaintiff does not allege that the debt is accruing interest— a failure which is fatal to his claim. *Hussain v. Alltran Financial, LP, et al.*, No. 17-cv-3571-ARR-CP (E.D.N.Y. April 4, 2018). Plaintiff's claim is nothing more than another "bizarre or idiosyncratic interpretations of collection notices" that courts have tried to rid from consumer statute litigation.

12. This same claim was also ruled on in Plaintiff's counsel's own backyard just a few months ago, and the court dismissed the claim under Rule 12(b)(6). *Delgado*, 2018 WL 1193741, at *2. Specifically, the District Court for the Northern District of Illinois held that "the inclusion of interest and other charges in the itemization of Delgado's debt, when $0.00 is listed for both categories, *could not lead an unsophisticated consumer to believe that interest or other charges would later accrue*." (*Id*.) (emphasis added).

13. As the court in *Delgado* pointed out, CSI did precisely what courts have requested by clearly itemizing the various components of the debt." *Delgado,* 2018 WL 1193741, at *3

(citing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004)).  Thus, if the letter sent to Plaintiff is found to be misleading or deceptive it would place "debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading." (*Id.*). The purpose of the FDCPA is simply to regulate collection activity, not to ban it completely. Allowing Plaintiff's claim to survive this Motion to Dismiss will effective place CSI in a position that it cannot provide the amount on the debt owed in any of its collection letters.

## CONCLUSION

14. Plaintiff fails to bring a colorable claim against CSI as a matter of law.  The same letter sent to Plaintiff has recently been determined not to be a violation of the FDCPA by district courts and the Second Circuit alike.  The letter sent to Plaintiff explicitly stated that interest and/or fees had not accrued, and the least sophisticated consumer would not be confused by such a definitive statement.  As the Second Circuit held, Plaintiffs simply cannot be allowed to sue under the premise that a collection letter made them feel as though they now needed to pay the debt that is rightfully owed to a creditor.  As such, Plaintiff's claim should be dismissed under Rule 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant Client Services, Inc. respectfully requests that this Court dismiss all claims against CSI with prejudice and for all other relief entitled.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Date:   September 24, 2018                    Respectfully submitted,

                                                **MALONE AKERLY MARTIN PLLC**

*/s/ Robbie Malone*
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
COOPER M. WALKER
State Bar No. 24098567
Email: cwalker@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
8750 North Central Expressway
NCX Building, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel via **CM/ECF** on this 24th day of September, 2018 to:

Nathan Charles Volheim
Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Aveneue, Suite 200
Lombard, IL 60148
Email: nvolheim@sulaimanlaw.com
Email: thatz@sulaimanlaw.com

*/s/ Cooper Walker*
COOPER M. WALKER