UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **LINDA D. ROBINSON,** | § § § | |
| *Plaintiff,* | § § | **CASE NO. 7:18-CV-00130-CM** |
| v. | § § § | |
| **CLIENT SERVICES, INC.,** | § § § | |
| *Defendant.* | | |

**DEFENDANT CLIENT SERVICES, INC.'S
REPLY TO PLAINITFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Defendant CLIENT SERVICES, INC. ("**CSI**" or "**Defendant**") and files its *Reply to Plaintiff's Response to Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)* as follows:

**INTRODUCTION**

1. The Fifth Circuit recognizes the dual purpose of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "**FDCPA**"): enacted to target debt collectors who practice "deceptive debt collection practices", while at the same time, "protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (*Taylor v. Perrin, Landry, deLaunay Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)).

2. Without a strained interpretation, the language of CSI's letter to Plaintiff Linda D. Robinson ("**Plaintiff**") is clear:

| | |
|---|---|
| Balance Due at Charge-Off: | $5,967.23 |
| Interest: | $0.00 |
| Other Charges: | $0.00 |
| Payments Made: | $0.00 |

(Doc. 1 at 3).  The balance does not include interest or other charges.  Nor would the debt ever accrue interest or other charges, because the debt at issue is static (Doc. 1 at 5 ("such additional charges were not authorized by the agreement creating the subject debt")).  In fact, Plaintiff admits and accepts that no interest or other charges were accruing or could accrue on the debt (Doc. 1 at 5; Doc. 9 at 2).

3.  Despite the clear language of the letter and despite her acceptance that CSI never intended to add any fees or collection costs on the debt, Plaintiff continues to press this Court to accept a labored reading of the letter—the very kind of practice from which courts have worked to protect debt collectors. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (noting that "courts should apply the [least sophisticated consumer] standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices'").

## ARGUMENT & AUTHORITIES

Plaintiff's FDPCA and Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001, *et seq.* ("**TDCA**") claims fail to raise a claim upon which relief can be granted and should be dismissed.

**A.   The FDCPA Was Not Passed To Overburden Debt Collectors To Cater To Bizarre Or Idiosyncratic Interpretations.**

4.  "The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).  In explaining the need for the FDCPA, Congress highlighted truly egregious collection practices, including the "use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense,

impersonating public officials and attorneys, and simulating legal process." *Id.* (internal quotations omitted).

5. Unsurprisingly, courts, including the Fifth Circuit, have recognized that the FDCPA serves a dual purpose: on the one hand, to target debt collectors who practice "deceptive debt collection practices", while on the other hand, to "protect[] debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (*Taylor v. Perrin, Landry, deLaunay Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)). It is clear that courts throughout the nation aim not only to protect consumers but also debt collectors from unreasonable misinterpretations of collection notices. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (noting that "courts should apply the [least sophisticated consumer] standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices'").

6. Similarly, the FDCPA does not require a debt collector to note that an amount will not increase. In fact, courts addressing similar letter cases have explicitly ruled against such perverse interpretation of the FDCPA:

> *It is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts*. And requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive for them to continue accruing interest or fees on debts when they might not otherwise do so. *Construing the FDCPA in light of its consumer protection purpose, we hold that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e*.

*Taylor*, 886 F.3d at 214; *see also Delgado v. Client Services, Inc.*, Case No-17-c-4364, 2018 WL 1193741 (N.D. Ill. Mar. 7, 2018) ("Debt collectors would be damned if they do and damned if they don't. This is clearly not what Congress intended the FDCPA to do - essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that

is just right, not listing too little information or too much."); *Dick v. Enhanced Recovery Co.*, No. 15-CV-2631 (RRM) (SMG), 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016) (emphasis in original) ("there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated *will not* change in the future").

**B.     The Second Circuit's Taylor Opinion And Rationale Remain Instructive.**

7.     Plaintiff's interpretation and application of the Second Circuit's *Taylor* opinion is merely a partial interpretation and application of *Taylor* (*see* Doc. 9 at 9–10). To reach its conclusion, the Second Circuit explicated detailed analysis of the least sophisticated consumer standard as well as its application to alleged deceptiveness of collection letters that do not incur interest.

8.     Even though it did not directly address the issue of a collection letter that includes an itemization of interest as "zero" dollars, the Second Circuit's opinion remains applicable due to the analogous nature of the debts, the harm alleged, and the Second Circuit's interpretation of the FDCPA as it concerns duties imposed upon debt collectors. Both Plaintiff's debt and the debts at issue in *Taylor* involved static debts that did not accrue interest or other charges. *Taylor*, 886 F.3d at 213; (*see* Doc. 1 at 4–7). Both Plaintiff and the *Taylor* plaintiffs allege a hypothetical harm that "a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later." *Taylor*, 886 F.3d at 214; (*see* Doc. 1 at 4–5). The Second Circuit specifically recognized that a harm in which the worst that might befall the *Taylor* consumer is that he wrongly believes "that there is a financial benefit to making repayment sooner rather than later. This supposed harm falls short of the obvious danger facing consumers in *Avila*." *Taylor*, 886 F.3d at 214. This is the exact harm that Plaintiff alleges through CSI's letter (Doc. 1) and the exact harms that fall short of the danger facing consumers and that the FDCPA intended to prevent. *See Taylor*, 886 F.3d at 214.

9.	To reemphasize the Second Circuit's interpretation of the FDCPA and the duties it may impose on debt collectors: the Second Circuit's *Taylor* opinion made it clear that (1) a collection notice is not required to disclose that interest and fees are not accruing when they are not accruing, and (2) that the FDCPA does not impose a duty to encourage consumers to delay repayment of their debts. *Taylor*, 886 F.3d at 214.

10.	In the present case, CSI's letter is clear: the letter discloses to Plaintiff an itemization of what is and what is not included in the total amount due; the letter clearly indicates that no interest is charged; the letter clearly indicates that no other charges are included. Despite such clear terms, Plaintiff argues that the itemization of interest and other charges made the letter less, rather than more, clear. Adopting Plaintiff's reading of the letter and application of the FDCPA would require debt collectors to include specific language that encourage consumers to delay repayment of their debts—the exact interpretation of the FDCPA with which the Second Circuit disagrees.

C.	**Cases Cited By CSI Are Analogous To The Present Case.**

11.	Additionally, Plaintiff strains to distinguish *Hussain* from the present case. As even Plaintiff recognizes, letters at issue in *Hussain* and in the present case are similar—both include an itemization of interest totaling $0.00 (Doc. 9 at 10 ("the collection letter in *Hussain* did include a representation that the 'total of interest post charge-off' and 'total of non interest post charge off' totaled $0.00 respectively")). Plaintiff attempts to distinguish *Hussain* by stressing the focus of the allegation—specifically that in *Hussain*, the allegation concerns "whether it is a per se violation of the FDCPA to fail to mention whether interest is accruing", while in the present case, the allegation concerns whether the itemization of interest totaling $0.00, is a violation of the FDCPA (Doc. 9 at 10–11).

12. The facts and allegations made in *Hussain* and in the present case are analogous. *Compare* Doc. 1 to *Hussain v. Alltran Financial, LP, et al.*, No. 17-cv-3571-ARR-CP (E.D.N.Y. April 4, 2018). Both involved static debts. *Id.* Both letters included the correct balance. *Id.* Both letters included an itemization of interest. *Id.* Both letters indicated that the interest was zero. *Id.* Both allegations concern the supposed misleading nature of the letter. *Id.* Both allegations concern the issue of whether interest might accrue in the future. *Id.* Both allegations require the absence of any sort of additional clarifying language. *Id.* In fact, Plaintiff too recognized the importance of the absence of clarifying language (Doc. 4 at 4 (emphasis added) ("By including ['interest' and 'other charges'] references, *absent any sort of additional information*, Defendant intended to instill a deceptive and false sense of urgency.")).

13. Plaintiff admits that *Delgado* is analogous to the present case and attempts to mitigate its influence by noting that the district court's decision is pending appeal. Contrary to Plaintiff's suggestion, no such appeal is pending before the Seventh Circuit. The appeal was dismissed three months earlier in July 2018. *Delgado v. Client Services, Inc.*, No. 18-1748 (7th Cir. 2018) (Docket Entry No. 16 dismissing appeal under Federal Rules of Appellate Procedure Rule 42). Addressing the near identical letter sent by CSI in *Delgado*, the federal district court dismissed Plaintiff's § 1692e claim:

> The language in the Letter is clear. It displays the amount due at the top, and includes an itemization in the body of the letter, including "Interest: 0.00" and "Other Charges: 0.00." Rather than making a false, misleading, or deceptive statement, the letter sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges.
>
> . . .
>
> Consideration of the Letter as a whole reinforces the fact that it is not misleading. There is no suggestion that the amount due will change if the balance is not paid within a certain period of time and no other mention of interest and other charges.

> . . .
>
> Ultimately, the Letter is clear. Delgado does not allege that listing interest and other fees as zero was inaccurate. On the contrary, he alleges that "no interest was due to be assessed on the alleged debt, nor were any other charges." This is exactly what the Letter reflected. The FDCPA does not require Client Services to note that an amount will not increase; "there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated will not change in the future."

*Delgado*, No. 17-C-4364 (internal citations omitted) (quoting *Dicks v. Enhanced Recovery Co.*, No. 15-cv-2631 (RRM) (SMG), 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016)).

14. *Taylor*, *Hussain*, and *Delgado* all provide clear framework for this Court to rule upon CSI's letter and it clearly leaves this Court with a single conclusion: CSI's letter is clear. No interest or other charges was included in the balance due. CSI's letter reflects exactly that. Consequently, this Court should dismiss Plaintiff's claims as a matter of law.

**D.    Cases Relied Upon By Plaintiff Are Distinguishable And Unpersuasive.**

15.    Plaintiff cites two unpublished federal district court cases in the Seventh Circuit to support her position that CSI's letter is deceptive (Doc. 9 at 6–8). Both cases, however, are distinguishable from the present case. *Tylke* is distinguishable from the present case. In *Tylke*, the letter at issue included a single statement, "The above balance due *includes* a Verizon Wireless Collection Fee of $0.00" *Tylke*, at *1 (emphasis added). By contrast, CSI's letter includes an itemization of the total amount due. As *Delgado* court distinguished:

> An independent sentence stating that the balance "includes" a collection fee could potentially imply to an unsophisticated consumer that one will be included, even if the collection fee at that time is zero. On the other hand, an itemization accounts for what is and is not included in a total balance. An itemization of zero shows that the balance due does not include interest or other charges, rather than showing what is included in the balance, which is what distinguishes this situation from *Tylke*.

*Delgado*, No. 17-C-4364.

16. In the present case, CSI's letter is clear: the letter discloses to Plaintiff an itemization of what is and what is not included in the total amount due, the letter clearly indicates that no interest is charged, and the letter clearly indicates that no other charges are added.

17. Admittedly, *Wood v. Allied Interstate, LLC* like *Delgado* is analogous to the present case but a departure from the conclusion reached by *Delgado*. *See Wood v. Allied Interstate, LLC*, No. 1:17-cv-04921 (N.D. Ill. June 13, 2018). The *Wood* court, however, departed from the reasoning adopted not only by *Delgado* but also by other federal district court cases. *Id.*; *cf Jones v. Professional Finance Co., Inc.*, 2017 WL 6033547 (S.D. Fla. Dec. 4, 2017); *Dick v. Enhanced Recovery Co.*, 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016); *Hussain v. Alltran Financial, LP, et al.*, No. 17-cv-3571-ARR-CP (E.D.N.Y. April 4, 2018). Moreover, the *Wood* court did not identify any case which undertook a similar departure. *See generally Wood*, No. 1:17-cv-04921.

18. If CSI's letter sent to Plaintiff is found to be misleading or deceptive "[d]ebt collectors would be damned if they do and damned if they don't." *Delgado*, No. 17-C-4364. As the court is *Delgado* recognized a bizarre and idiosyncratic interpretation of collection letters such as the one proposed by Plaintiff would "essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much." *Id.*

19. The purpose of the FDCPA is simply to regulate collection activity, not to ban it completely. The FDCPA was enacted to target debt collectors who *harass, oppress, mislead, and intend to victimize* the least sophisticated consumer. The labored reading of the letter that Plaintiff seeks is exactly the kind of practice that courts have worked to protect debt collectors from.

**E.    Plaintiff's 15 U.S.C. § 1692f And Tex. Fin. Code Ann. § 392.304 Claims Fail Because It Fails To Identify Misconduct Beyond That Which Has Already Been Identified in Plaintiff's § 1692e Claim.**

20.     Contrary to Plaintiff alleges that CSI failed to address Plaintiff's claim under 15 U.S.C. § 1692f, CSI did not fail to address Plaintiff's § 1692f claim.  Rather CSI did not need to address Plaintiff's § 1692f because a Plaintiff's § 1692f claim does not allege any misconduct beyond that which she has already alleged in her § 1692e claim.

21.     Nevertheless, Plaintiff's § 1692f claim fails to state a claim upon which relief can be granted.  A complaint is deemed deficient under § 1692f if it fails to identify misconduct beyond that which a plaintiff asserts in its other FDCPA claims. *Fath v. BAC Home Loans*, 2013 U.S. Dist. LEXIS 89075, at *34 (N.D. Tex. Apr. 26, 2013).

22.     Plaintiff's entire § 1692f claim concerns the alleged misleading nature of CSI's letter through its reference to "interest" and "other charges" (Doc. 1 at 5).  This is the same alleged misconduct Plaintiff bases her other FDCPA claim (*see* Doc. 1 at 4 (§ 1692e claim based upon the alleged misleading nature of CSI's letter through its reference to "interest" and "other charges").  Accordingly, Plaintiff's § 1692f claim should be dismissed.

23.     Similarly, Plaintiff's entire TDCA claim concerns the same alleged misleading nature of CSI's letter, which Plaintiff alleges as her § 1692e claim (*see* Doc. 1, at 6–7).  Consequently, for the same reasons shown that Plaintiff's § 1692e claims fail as a matter of law, this Court should dismiss Plaintiff's TDCA claim (*see* Doc. 8).

## CONCLUSION

24.     The Second Circuit's *Taylor* opinion should serve as the guiding framework for this Court's analysis of CSI's letter against Plaintiff's claims, while cases such as *Delgado* and *Hussain* provide clear and analogous examples of a reasoned application and interpretation of letters such as the one at issue before this Court.

Considering the reasons above, Defendant Client Services, Inc. requests this Court grant its Motion to Dismiss in its entirety and dismiss Plaintiff's claims.

Date:   October 15, 2018

Respectfully submitted,

**MALONE AND MARTIN PLLC**

*/s/ Robbie Malone*
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
COOPER M. WALKER
State Bar No. 24098567
Email: cwalker@mamlaw.com
8750 North Central Expressway, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel via **CM/ECF** on this 15th day of October, 2018 to:

Nathan Charles Volheim
Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Aveneue, Suite 200
Lombard, IL 60148
Email: nvolheim@sulaimanlaw.com
Email: thatz@sulaimanlaw.com

*/s/ Cooper Walker*
COOPER M. WALKER