UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| LINDA D. ROBINSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLIENT SERVICES, INC.,<br><br>　　　　Defendant. | Case No.: 7:18-cv-00130-DC<br><br>Honorable Judge David Counts |

**PLAINTIFF'S RESPONSE TO DEFENDANT CLIENT SERVICES, INC.'S
AMENDED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

NOW comes Plaintiff, LINDA D. ROBINSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., responding to CLIENT SERVICES, INC. ("Defendant") Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendant's Amended Motion"), and in support thereof states as follows:

**I.　INTRODUCTION**

Defendant Client Services, Inc. ("Defendant") seeks to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff has not stated a claim under which relief can be granted. Defendant claims that Plaintiff has failed to show that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA"), as well as the Texas Debt Collection Act ("TDCA"), by making a false, material misrepresentation of the character of Plaintiff's debt when Defendant falsely implied that interest or other charges could be applied to Plaintiff's account. (Dkt. 13, Defendant's Amended Motion to Dismiss, pp. 1-2). Defendant contends that the inclusion of the itemized account listing in its collection letter would not mislead the

1

unsophisticated consumer because such consumers would not believe that interest or other charges would later accrue. (*Id.* at pp. 5-7).

Defendant, however, never intended to add any fees or collection costs to Plaintiff's account. (*Id.* at pp. 4-5; *see also* Dkt. 1, Plaintiff's Complaint, ¶ 23). In fact, no interest or other charges were accruing on the account when Defendant sent its collection letter to Plaintiff. (*Id.*). However, by listing these categories with zero balances in the letter, Defendant attempted to coerce Plaintiff to pay the balance in full by making her afraid that these charges would possibly begin to accrue if she did not pay immediately. What would be the need for Defendant to include a column for fees, and insert a dollar figure ($0.00), if not to suggest that such fees might possibly accrue in the future? *Wood v. Allied Interstate, LLC,* 2018 U.S. Dist. LEXIS 98738, at *6 (N.D. Ill. Jun. 13, 2018). This is a material misrepresentation because it would lead a consumer to alter her course of action in her decision-making process. *Lox v. CDA, Ltd.,* 689 F.3d 818, 827 (7th Cir. 2012); *see also, Gomez v. Niemann & Heyer, L.L.P.,* 2016 U.S. Dist. LEXIS 82443, at *4 (W.D. Tex. June 24, 2016).

Defendant blatantly omits one of the most recent and decisive opinions on this precise issue, likely because the court in that case denied this same Defendant's motion for judgment on the pleadings on this exact issue. *See Duarte v. Client Servs.*, No. 18 C 1227, 2019 U.S. Dist. LEXIS 53900 at *7 (N.D. Ill. Mar. 29, 2019). As will be outlined below, courts across the country have rejected Defendant's arguments time and again, and at this stage in the proceedings, when drawing all facts and inferences in light of the Plaintiff, Defendant cannot plausibly show that its collection letter could not be construed as misleading to an unsophisticated consumer. Accordingly, Plaintiff has stated a plausible claim for relief under the FDCPA and TDCA, and Defendant's Amended Motion should be denied in its entirety.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510,517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010).

Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *Albany Bank v. Trust Co. v. Exxon Mobile Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). Dismissal is only warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir. 1995).

### B. The Fifth Circuit's Standard in Determining Violations under the FDCPA

The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships,* 577 F.3d 790, 805 (7th Cir. 2009). Congress "clearly intended the FDCPA to have a broad remedial scope." *Serna v. Law Office of Joseph Onwuteaka, P.C.,* 732 F.3d 440, 445 (5th Cir. 2013). The FDCPA should therefore "be construed liberally in favor of the consumer." *Johnson v. Riddle,* 305 F.3d 1107, 1117 (10th Cir. 2002); *see also, Serna,* 732 F.3d at 445 n.11.

In construing violations under the FDCPA, the Fifth Circuit applies the "unsophisticated or least sophisticated consumer standard" to determine whether conduct is deceptive or misleading. *Goswarni v. Am. Collections Enter., Inc.,* 377 F.3d 488, 495 (5th Cir. 2004) (noting the court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard"); *see also, Avila v. Rubin,* 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter."). The "least sophisticated consumer standard serves the . . . purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices . . . ." *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997). This standard views FDCPA violations from the perspective of someone on "the very last rung on the sophistication ladder." *Gammon v. GC Servs. Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994). An unsophisticated consumer may lose bills and may have forgotten about certain debts. *Field v. Wilber Law Firm P.C.,* 383 F.3d 562, 566 (7th Cir. 2004).

In situations involving determinations as to whether debt collection letters violate the FDCPA, circuit courts have "cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law . . . because 'district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.'" *McMillan v. Collection Prof'ls*

*Inc.,* 455 F.3d 754, 759 (7th Cir. 2006) (quoting *Walker v. Nat'l Recovery, Inc.,* 200 F.3d 500, 501-03 (7th Cir. 1999)). "'[W]hat seems pellucid to a judge, a legally sophisticated reader, may be opaque' to the unsophisticated consumer." *Id.* In line with this reasoning, courts have noted "[o]nly the rarest FDCPA complaint that alleges a dunning letter is misleading or confusing may be dismissed on the pleadings." *Samuel v. Approved Credit Solutions, LLC,* 2015 U.S. Dist. LEXIS 98075, *4 (S.D. Ind. Jul. 18, 2015). "This is because the deceptive character of a debt-collection letter must be understood through the mind of the 'unsophisticated consumer' who, though capable of making basic logical inferences and refraining from reading things in a bizarre or idiosyncratic fashion, is nevertheless 'uninformed, naïve, or trusting.'" *Id.* (citing *Gruber v. Creditors' Protection Serv., Inc.,* 742 F.3d 271, 273-74 (7th Cir. 2014)). "[E]ven if the communication may not seem deceptive on its face, a plaintiff is permitted to offer evidence at a summary judgment or trial stage to show that indeed the language confuses the unsophisticated consumer." *Id.* (citing *Evory v. RJM Acquisitions Funding, L.L.C.,* 505 F.3d 769. 776 (7th Cir. 2007)). Illustrating this point is the fact that circuit courts have "reminded courts time and again that whether a debt-collection letter is misleading or confusing is a question of fact." *Id.* at 4-5 (citing *Lox v. CDA, Ltd.,* 689 F.3d 818, 822 (7th Cir. 2012) ("[W]e treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact.")).

## III. LEGAL ARGUMENT

### A. The Listed Interest and Other Charges Columns in Defendant's Collection Letter Gave the Misleading Impression that Such Charges Could Possibly Begin to Accrue on Plaintiff's Account.

Defendant violated 15 U.S.C. § 1692e *et al.,* 1692f of the FDCPA and Tex. Fin. Code Ann. § 392.304(19) of the TDCA by falsely implying that additional interest and charges could be added to Plaintiff's account ("subject debt") by including column headers that included interest and other

charges with zero balances in its collection letter. Defendant should not have included these columns because it gave the impression that fees and collection costs could accrue on the subject debt when Defendant had no intention of applying said fees in the first place. "[I]t is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox,* 689 F.3d 818, 825; *see also, Carter v. First Nat'l Collection Bureau, Inc.,* 135 F. Supp. 3d 565, 574 (S.D. Tex. Sept. 11, 2015) (finding a collection letter to violate the FDCPA when it falsely implied that an outcome may occur when that outcome could not occur).

  Defendant's initial point in the Argument section of its Motion demonstrate the extent to which it has failed to grasp the nature of the allegations set forth in Plaintiff's complaint. Defendant notes that the collection letter "explicitly states that no interest of fees *have* accrued on the debt." (Dkt. 13, Defendant's Amended Motion to Dismiss, pp. 4-5) (emphasis added). Because of this statement, Defendant believes "[i]t is difficult to see how even the least sophisticated consumer would be confused into believing that interest and/or fees would accrue on a debt when *explicitly told that the debt has never incurred interest and/or fees.*" (*Id.* at p. 5) (emphasis in original). Plaintiff acknowledges that Defendant's letters indicate that no fees have accrued on the subject debts. However, any consumer, let alone the least sophisticated one, would not equate a representation that fees have not yet accrued, as constituting a representation that such charges will not be added (or could not accrue) *in the future*. A representation that something *has not* yet happened does not speak to the future possibility of such thing happening. Had Defendant's letter advised that no interest or fees *will* accrue on the debt, then there would have been no confusion as to whether the subject debt would be subject to further charges. However, Defendant's collection letter did not go so far. Defendant's letter did not go so far because, had Defendant

6

explicitly and clearly told Plaintiff that interest would not accrue in the future, it would have removed the potentially incentivizing force on Plaintiff to address the subject debt in order to avoid incurring increasing costs. As such, even though the collection letter states that interest or other charges have not accrued, a reasonable reading of the collection letter, let alone an unsophisticated reading of the same, leaves open the question whether interest or other charges might accrue *in the future.*

Thus, contrary to Defendant's assertion, its indication that interest or other charges had not accrued at the time it sent the collection letters does not clear up the confusion stemming from the itemization of the interest and other charge as totaling $0.00. As Defendant's Amended Motion and Plaintiff's complaint illustrate, Defendant had not added any interest or fees at the time it sent the collection letter, and further would not have added these interest or other charges in the future. (*Id.* at pp. 4-5 *see also* Dkt. 1, Plaintiff's Complaint, ¶ 23). As such, there was absolutely no need to include the columns of additional charges and interest since such charges had not yet accrued, nor would they accrue. Even with zero balances, the inclusion of these columns could imply to the unsophisticated consumer that fees and collection charges could possibly be added in the future even if none were applied at the time of collection. The letter is silent in stating that these fees would *never* apply, thus leaving the door open for an incorrect interpretation by the unsophisticated consumer. "When language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify this ambiguity does so at its peril." *Lox,* 689 F.3d 818, 825 (quoting *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1063 (9th Cir. 2011)).

Luckily for the parties here, just one month ago, this precise issue was addressed by a district court in the Seventh Circuit, which rendered decisive language against this same

7

Defendant. *See Duarte,* 2019 U.S. Dist. LEXIS 53900 at *6-7. Defendant neglects to inform this court of *Duarte*, despite the fact that Defendant was also the defending party in that matter. In *Duarte,* Defendant Client Services, Inc. made the exact same arguments as it does here, stating that the phrase "Other Charges," along with an itemization amount of "$0.00" listed in its collection letter is not false, deceptive, or misleading. *Id.* at *6-7. In striking down this argument, the Honorable Jorge L. Alonso stated, "The Court does not agree. The phrase "Other Charges" along with an amount of "$0.00" listed could have implied to plaintiff, as well as the unsophisticated consumer, that plaintiff could have incurred additional charges." *Id.* at *7. The *Duarte* court, using the same unsophisticated consumer standard as here, found that "An unsophisticated consumer, like plaintiff, could reasonably have believed that she would incur other charges if she did not pay the debt." *Id.*

The misleading and confusing nature of Defendant's letters is further demonstrated by the different meanings that could be derived when reading these letters. A statement by a debt collector is deceptive when there are at least two different reasonable meanings, and one (or both) of them is inaccurate, and is misleading if it implies the possibility of an action that is impossible or unlikely under the specific facts. *Velez v. Enhanced Recovery Company, LLC,* 2016 U.S. Dist. LEXIS 57832, at *3 (E.D. Pa. May 2, 2016). Here, as outlined in the letter, as of the time the letter was sent, no additional charges or interest were added to Plaintiff's alleged debt. Defendant asserts that this is the only way the language can be interpreted – i.e., that the letter can only be interpreted as demonstrating what happened, and does not falsely imply anything about the possible future incursion of interest or other charges. (Dkt. 13, Defendant's Amended Motion, pp. 5-6). Defendant further recites in conclusory fashion, throughout its Motion, that Plaintiff's view of the letter is the kind of bizarre interpretation not actionable under the FDCPA. However, Defendant cannot

8

overcome the fact that an unsophisticated consumer could logically conclude that additional charges may incur, even though the current balance is listed as zero. In *Tylke,* the court stated that a letter containing a zero-balance listing was susceptible to being interpreted incorrectly. The collection letter at issue in *Tylke* relayed a balance to the debtor accompanied with statement saying, "The above balance due includes a Verizon Wireless Collection Fee of $0.00." *Tylke v. Diversified Adjustment Service, Inc.,* 2014 U.S. Dist. LEXIS 153281 at *1 (E.D. Wi. Oct. 28, 2014). The court found that the inclusion of the statement had the capability to mislead the unsophisticated consumer. *Id.* at *3. "There are several possible ways the statement could be interpreted." *Id.* The court goes on to give multiple examples in which the statement could have been interpreted, then stating "[i]n other words, the inclusion of a collection fee, *even one showing a balance of zero,* could imply the future possibility of one." *Id.* (emphasis added).

Although not binding, *Tylke* is very persuasive in finding that Defendant's inclusion of the itemized account listing was misleading. As the court in *Tylke* contemplated, there are multiple ways in which the listing can be interpreted by the unsophisticated consumer. He may assume that charges were not added and would never be added *or* that charges were not added but could be added in the future – a confusion which is reinforced in the instant matter by Defendant's representation that the subject debt had not accrued any interest as of the sending of the letter. Because at least one of these reasonable interpretations is false, Defendant's collection letter is misleading for purposes of the FDCPA.

Providing further persuasive authority that Defendant's collection letter runs afoul of the FDCPA is the case *Wood v. Allied Interstate, LLC,* 2018 U.S. Dist. LEXIS 98738 (N.D. Ill. Jun. 13, 2018), which was actually cited, and strongly supported, by the court in *Duarte*. The *Wood* opinion addresses the precise issue raised by Plaintiff's complaint – whether representations in a

collection letter regarding fees and collection costs as totaling $0.00 stated a plausible claim under the FDCPA. In denying the defendant's motion to dismiss under 12(b)(6), the *Wood* court stated:

> [B]y stating that fees and collection costs stood at '$0.00,' instead of stating something like 'N/A' or declining to mention fees and collection costs at all, the letter **reasonably could be read to imply that such charges would begin to accrue if [plaintiff] did not pay the debt. Why, after all, would [defendant] include a column for fees and collection charges, and insert a dollar figure ($0.00), if not to suggest that such fees and costs might possibly accrue in the future?**

*Id.* at *6 (emphasis added). The concern regarding the collection letter in *Wood* is the precise concern implicated by Defendant's collection letter serving as the basis of the instant matter. Much like the *Wood* court noted, Defendant's collection letter can reasonably be read to imply that interest and other charges would begin to incur if Plaintiff did not pay the debt. As further suggested by the court in *Wood,* and subsequently adopted in *Duarte,* Defendant chose to include these itemizations followed by a dollar figure in order to suggest that fees and costs might possibly accrue in the future. Doing so amounts to a subtle, yet nevertheless deceptive, attempt to coerce Plaintiff into believing that more charges could come if she did not pay in full at the time she received the collection letter.

As illustrated above, Defendant's collection letter was misleading and deceptive, as an unsophisticated consumer reading Defendant's collection letter would be left in a state of confusion as to whether delayed payment of the subject debt would result in the itemized interest and other charges, and the dollar figure associated therewith, increasing in the future. Contrary to Defendant's assertions, such an interpretation of its letter is *not* the type of bizarre or idiosyncratic interpretation which courts find not to give rise to a claim under the FDCPA. Therefore, Defendant's Amended Motion should be denied in its entirety.

### B. Defendant's Cited Authority Does Not Address The Precise Issue Raised by Plaintiff's Claims and Is Thus Unpersuasive.

Defendant purports to cite to several cases that purportedly support its Motion. However, in doing so, Defendant sets forth disingenuous arguments as to the scope of certain decisions, and further overlooks distinguishing factors between its cited authority and the nature of the instant dispute.

Curiously, Defendant first cites to the Second Circuit case of *Taylor v. Fin. Recovery Servs., Inc.,* 886 F.3d 212 (2d Cir. 2018) to support its position. Defendant asserts that *Taylor* addressed Plaintiff's "*specific claim* and held it to be without merit under the least sophisticated consumer standard." (Dkt. 13, Defendant's Amended Motion to Dismiss, p. 5) (emphasis added). This statement is patently false, as the plaintiff's claims in *Taylor* did not – in any way – involve allegations of deceptive, misleading, and unfair conduct stemming from an itemization in a collection letter that the amount of certain fees totaled $0.00. In fact, the collection letters at issue in *Taylor* did not appear to contain any itemization of the subject debt, and instead merely stated the current balance of the debt, without mentioning anything about whether interest was accruing. *Taylor,* 886 F.3d at 213. As such, the alleged violation of the FDCPA in *Taylor* boiled down to whether it was a *per se* violation of the FDCPA for a debt collector to fail to disclose whether interest or fees are accruing on a debt. *Id.* at 214 ("In effect, [the plaintiffs] argue that a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt."). As such, *Taylor* simply does not involve the kind of claim brought by Plaintiff here, and is therefore unpersuasive for purposes of the instant motion.

Further demonstrating the inapplicability of *Taylor* is how the court summarized its holding. In summarizing its holding, the *Taylor* court stated "if a collection notice correctly states a consumer's balance *without mentioning interest or fees,* and no such interest or fees are accruing,

then the notice will [not] be misleading within the meaning of Section 1692e." *Id.* at 215. In the instant matter, it is *very clear* that Defendant has mentioned interest and fees in connection with the subject debt, even though no such interest or fees were accruing. As such, Defendant's collection letter is not the type which the *Taylor* court found to be appropriate under the FDCPA given the fact that the instant collection letter *explicitly* mentions interest and fees – and does so in a deceptive and unclear manner.

Defendant next cites to *Hussain v. Alltran Financial, LP, et al.* as further supporting its position. However, much like *Taylor,* the plaintiff's allegations in *Hussain* did not involve any claims about the misleading, deceptive, or unfair nature of representing interest or other charges as itemized portions of a static debt. *See generally, Hussain v. Alltran Fin., LP,* 2018 U.S Dist. LEXIS 57715 (E.D.N.Y. Apr. 4, 2018). Although the collection letter in *Hussain* did include a representation that the "total of interest post charge-off" and "total of non interest fees post charge-off" totaled $0.00 respectively, the nature of these representations were *not* the basis of the alleged FDCPA violations. Instead, the plaintiff in *Hussain* argued that the defendant's failure to state whether any interest is accruing (i.e., whether it is a per se violation of the FDCPA to fail to mention whether interest is accruing) was "materially false and misleading" because the least sophisticated consumer "would be forced to guess how much money is allegedly owed, how much money would accrue daily, how much money would be owed [if] the amount initially demanded was paid, and if or when collection efforts would end if the entire payment demanded was remitted." *Id.* at * 3. This is *not* the type of claim brought by Plaintiff here (nor those addressed by *Tylke*, *Wood,* and *Duarte*), as Plaintiff's claims more closely involve a consideration as to whether the mere presence of the itemizations – even those totaling $0.00 – implies that interest will be due. Noticeably absent from the *Hussain* court's discussion is whether the itemizations had *any*

12

impact on how to read the collection letters. This is because the plaintiff in *Hussain* failed to raise this argument. As such, *Hussain* misses the mark and is unpersuasive. *See also, Delgado v. Client Servs.,* 2018 U.S. Dist. LEXIS 37711, at *7 (N.D. Ill. Mar. 7, 2018) (distinguishing cases which involve dunning letters that contained itemizations of interest as totaling $0.00 to the extent none of the distinguished cases "considered whether the mere presence of those itemizations implies that interest will be due" since "the parties in those cases never raised that argument").[1]

The final case cited by Defendant in support of its Motion – *Delgado v. Client Servs.* – at least involves alleged violations of the FDCPA stemming from itemizations of interest and other costs in a collection letter. However, it is important to note that *Delgado* was issued from the Northern District of Illinois prior to *Wood* being decided by the same court. As such, *Wood* had the benefit of reviewing *Delgado,* and declined to follow its holding. *Wood,* 2018 U.S. Dist. LEXIS 98738 at *6 ("In holding that [plaintiff] has plausibly alleged that [defendant's] letter violated §§ 1692e and 1692f in this respect, the court respectfully parts company with *Delgado* . . .").

One possible explanation for the *Wood* court's departure from *Delgado* is the *Wood* court's ability to distinguish *Fields v. Wilber Law Firm., P.C.,* 383 F.3d 562 (7th Cir. 2004) from a situation akin to the instant matter. As Defendant's Amended Motion makes clear, the *Delgado* court relied on *Fields* in reaching its conclusion. (Dkt. 13, Defendant's Amended Motion to Dismiss, p. 7); *see also, Delgado,* 2018 U.S Dist. LEXIS 37711 at *9. In distinguishing *Fields,* the *Wood* court stated:

> Allied next contends that [*Fields*] teaches that a debt collector complies with Section 1692e of the FDCPA by providing an accurate breakdown and itemization of charges that go into a balance due. This argument fails to persuade as well. The letter found misleading in *Fields* stated that the plaintiff owed $388.54, yet that figure reflected the original sum owed of $122.06 plus interest and service charges . . . plus $250 in attorneys' fees for the collection of the debt. The Seventh Circuit held that the letter

---

[1] Much like the *Delgado* court recognized when discussing various cases, the Court should similarly find the discussion in *Hussain* to not be on point.

13

> violated the FDCPA because debt collectors must make clear how the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs. After all, the Seventh Circuit reasoned, a consumer might find it difficult to understand how a relatively modest fee for services rendered . . . had tripled in size. **That concern is not present here. Unlike the situation in *Fields*, the sum Allied was permitted to collect from Wood did not include fees and collection costs. *Fields* therefore did not require Allied to tell Wood how much in fees and collection costs he owed – and the FDCPA prohibited Allied from falsely implying that fees and collections costs might accrue if the debt was not quickly paid.**

*Wood,* 2018 U.S Dist. LEXIS at *7-8 (internal quotations and citations omitted). In making this distinction, the *Wood* court helps clarify that the decision of *Fields* (and by extension a significant portion of the rationale supporting the decision in *Delgado*), does not necessarily apply in situations like the instant matter. The instant matter is very dissimilar from the case in *Fields*. Plaintiff's alleged debt was not comprised of different charges that needed to be explained. As stated earlier, Plaintiff's alleged debt had not increased from the time of charge off to the time that the letter was sent. Therefore, no itemization like what was found in *Fields* was necessary here. Defendant simply had to list the total amount of the subject debt, and did not have to itemize *anything* with regard to fees. This is precisely what the court found to not be a violation of the FDCPA in *Taylor v. Fin. Recovery Servs., Inc.,* 886 F.3d 212, 215 (2d Cir. 2018) (the *Taylor* court stated "if a collection notice correctly states a consumer's balance *without mentioning interest or fees,* and no such interest or fees are accruing, then the notice will [not] be misleading within the meaning of Section 1692e") (emphasis added). However, Defendant's decision to itemize the fees, and to further suggest that such fees *have not* accrued (rather than *will not* accrue), constitutes a deceptive and misleading collection letter in violation of the FDCPA. Defendant would not be put between any rock or a hard place by refraining from itemizing the discrete portions of the subject debt, since those portions were not increasing. As evidenced by the authority cited herein,

14

including the most recent *Duarte* opinion, the itemization of a dollar figure, albeit a $0.00 figure, coupled with the phrase "Other Charges," implies to an unsophisticated consumer, that Plaintiff could have incurred additional charges.

Therefore, Plaintiff respectfully asks that the Court follow the holdings of *Wood, Tylke,* and *Duarte,* and find that Plaintiff's Complaint states a claim for relief under the FDCPA which is plausible on its face.

### C. Defendant's Amended Motion Fails to Address Plaintiff's Claims under 15 U.S.C. § 1692f.

Throughout its Motion, Defendant goes to great lengths to attack the nature of Plaintiff's allegations – however, Defendant seemingly failed to address the entirety of Plaintiff's claims under the FDCPA. Specifically, Defendant's Amended Motion – and the authority cited therein – at no time addresses whether Defendant's conduct would be *unfair* pursuant to 15 U.S.C. § 1692f. While § 1692e addresses deceptive and misleading conduct by a debt collector, § 1692f deals with unfair methods or conduct in connection with the collection of a debt. *See* 15 U.S.C. § 1692f.

Defendant's failure in this regard is likely a product of the fact that its cited authority – *Taylor, Hussain,* and *Delgado* – did not involve any claims (or discussion of claims) brought under § 1692f. However, the *Wood* court explicitly held that claims under § 1692f brought in connection with a collection letter similar to the one sent by Defendant here were plausible on their face. *Wood,* 2018 U.S. Dist. LEXIS 98738 at * 6 ("holding that [plaintiff] has plausibly alleged that Allied's letter violated §§ 1692e and 1692f . . ."). Therefore, Defendant's Amended Motion to Dismiss should be denied to the extent it seeks dismissal of Plaintiff's claims under § 1692f, given Defendant's failure to address or provide any argument as to why Plaintiff's claims under § 1692f are subject to dismissal.

### IV. <u>CONCLUSION</u>

15

In light of the above, Plaintiff respectfully requests that this Honorable Court deny Defendant's Amended Motion in its entirety.

Dated: April 29, 2019

Respectfully submitted,

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*
Admitted in the Western District of Texas
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that on April 29, 2019, he caused a copy of the foregoing, **PLAINTIFF'S RESPONSE TO DEFENDANT CLIENT SERVICES, INC.'S AMENDED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)** to be served electronically via CM/ECF system on:

MALONE AKERLY MARTIN, PLLC
Robbie Malone
Eugene Xerxes Martin, IV
Cooper M. Walker
rmalone@mamlaw.com
xmartin@mamlaw.com
cwalker@mamlaw.com

NCX Building, Suite 1850
8750 North Central Expressway
Dallas, TX 75231

Respectfully submitted,

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis