UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| LINDA D. ROBINSON, § § *Plaintiff,* § § v. § § § CLIENT SERVICES, INC., § § *Defendant.* | CASE NO. 7:18-CV-00130-DC |

### DEFENDANT CLIENT SERVICES, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS

COMES NOW, Defendant CLIENT SERVICES, INC. ("CSI" or "Defendant") and files its *Reply to Plaintiff's Response to Defendant's Amended Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)* as follows:

### INTRODUCTION

1. The Fifth Circuit recognizes the dual purpose of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "**FDCPA**")—enacted to target debt collectors who practice "deceptive debt collection practices", while at the same time, "protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (*Taylor v. Perrin, Landry, deLaunay Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)).

2. Without a strained interpretation, the language of CSI's letter to Plaintiff is clear:

| | |
|---|---|
| Balance Due at Charge-Off: | $5,967.23 |
| Interest: | $0.00 |
| Other Charges: | $0.00 |
| Payments Made: | $0.00 |
| **Current Balance:** | **$5,967.23** |

(Doc. 1 at 3) (emphasis in original). The letter clearly indicates that the balance does not include interest or other charges. Furthermore, the debt would never accrue interest or other charges because it is static (Doc. 1 at 5 ("such additional charges were not authorized by the agreement creating the subject debt")). In fact, Plaintiff admits and accepts that no interest or other charges were accruing or could accrue on the debt (Doc. 1 at 5; Doc. 9 at 2; Doc. 14 at 2).

3. Despite the clear language of the letter and despite her acceptance that CSI never intended to add any fees or collection costs on the debt, Plaintiff continues to press this Court to accept a labored reading of the letter—the very kind of practice from which courts have worked to protect debt collectors. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (noting that "courts should apply the [least sophisticated consumer] standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices'").

## ARGUMENT & AUTHORITIES

4. Plaintiff's FDPCA and Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001, *et seq.* ("**TDCA**") claims fail to raise a claim upon which relief can be granted. As such, CSI respectfully requests that this Court dismiss Plaintiff's claims.

**A.      Plaintiff provides an incorrect analysis of the recently decided *Duarte* matter.**

5.      Plaintiff asserts that CSI "blatantly omits one of the most recent and decisive opinions on this precise issue" by failing to bring the *Duarte* opinion to the Court's attention.  (Doc 14 at 2); *Duarte v. Client Services, Inc.*, 1:18-cv-01227 (N.D. Ill. Mar. 29, 2019).  This statement is simply inaccurate.  The *Duarte* Court partially denied CSI's Motion Judgment on the Pleadings based on a completely different fact pattern than the fact pattern at play in this matter.

6.      In the present matter, there is only one letter at issue that Plaintiff complains of in her Complaint.  (Doc. 13-1).  In *Duarte*, there are two letters at issue.  The first letter is identical to the letter at issue in this matter, and the *Duarte* Court refers to the second letter as an "Account Resolution Offer."  Plaintiff has chosen to omit the fact that the *Duarte* Court denied CSI's Motion for Judgment on the Pleadings *specifically* because of this second letter.

7.      In Duarte, the court clearly states why is denies CSI's Motion for Judgment on the Pleadings:

> While CSI points to the Account Resolution Offer [i.e. the second letter], which states that *no interest* would be added to plaintiff's account during the collection efforts, the First Letter and related Account Resolution Offer make no mention of *other charges* being added to her alleged debt during the collection process?

(*Id.*) (emphasis in original).  Because the second letter specifically mentioned that no interest was accruing but was silent on other charges, the *Duarte* Court held that CSI could not prevail on its Motion for Judgment on the Pleadings regarding Plaintiff "other charges" claim *only*.  (*Id.*).

8. Plaintiff's reliance on *Duarte* in the present matter is misleading. The facts of the two cases are not the same, the ruling in *Duarte* was made based on facts that are not at play in the present matter. This case is much more like *Delgado v. Client Service, Inc.*, No. 17-cv-4364, 2018 WL 1193741 (N.D. Ill. Mar, 7, 2018). Both *Delgado* and the present matter dealt with a single, identical letter. In *Delgado*, the court found that "[t]here is no indication in the Letter that the balance is subject to increase." The same is true here. (Doc. 13-1).

**B. The FDCPA does not adhere to bizarre or idiosyncratic interpretations.**

9. "The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002). In explaining the need for the FDCPA, Congress highlighted truly egregious collection practices, including the "use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Id.* (internal quotations omitted).

10. Unsurprisingly, courts, including the Fifth Circuit, have recognized that the FDCPA serves a dual purpose: on the one hand, to target debt collectors who practice "deceptive debt collection practices", while on the other hand, to "protect[] debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (*Taylor v.*

*Perrin, Landry, deLaunay Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)). It is clear that courts throughout the nation aim not only to protect consumers but also debt collectors from unreasonable misinterpretations of collection notices. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (noting that "courts should apply the [least sophisticated consumer] standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices'").

11. Similarly, the FDCPA does not require a debt collector to note that an amount will not increase. In fact, courts addressing similar letter cases have explicitly ruled against such perverse interpretation of the FDCPA:

> *It is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts.* And requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive for them to continue accruing interest or fees on debts when they might not otherwise do so. *Construing the FDCPA in light of its consumer protection purpose, we hold that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e.*

*Taylor*, 886 F.3d at 214; *see also Delgado v. Client Services, Inc.*, Case No-17-c-4364, 2018 WL 1193741 (N.D. Ill. Mar. 7, 2018) ("Debt collectors would be damned if they do and damned if they don't. This is clearly not what Congress intended the FDCPA to do - essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much."); *Dick v. Enhanced Recovery Co.*, No. 15-CV-2631 (RRM) (SMG), 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016) (emphasis in original) ("there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated *will not* change in the future").

## C.     The Second Circuit's Taylor Opinion and Rationale Remain Instructive.

12.     Plaintiff's interpretation and application of the Second Circuit's *Taylor* opinion is merely a partial interpretation and application of *Taylor* (*see* Doc. 9 at 9–10).  To reach its conclusion, the Second Circuit explicated detailed analysis of the least sophisticated consumer standard as well as its application to alleged deceptiveness of collection letters that do not incur interest.

13.     Even though it did not directly address the issue of a collection letter that includes an itemization of interest as "zero" dollars, the Second Circuit's opinion remains applicable due to the analogous nature of the debts, the harm alleged, and the Second Circuit's interpretation of the FDCPA as it concerns duties imposed upon debt collectors.  Both Plaintiff's debt and the debts at issue in *Taylor* involved static debts that did not accrue interest or other charges. *Taylor*, 886 F.3d at 213; (*see* Doc. 1 at 4–7).  Both Plaintiff and the *Taylor* plaintiffs allege a hypothetical harm that "a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later." *Taylor*, 886 F.3d at 214; (*see* Doc. 1 at 4–5).  The Second Circuit specifically recognized that a harm in which the worst that might befall the *Taylor* consumer is that he wrongly believes "that there is a financial benefit to making repayment sooner rather than later.  This supposed harm falls short of the obvious danger facing consumers in *Avila*." *Taylor*, 886 F.3d at 214.  This is the exact harm that Plaintiff alleges through CSI's letter (Doc. 1) and the exact harms that fall

short of the danger facing consumers and that the FDCPA intended to prevent. *See Taylor*, 886 F.3d at 214.

14. To reemphasize the Second Circuit's interpretation of the FDCPA and the duties it may impose on debt collectors: the Second Circuit's *Taylor* opinion made it clear that (1) a collection notice is not required to disclose that interest and fees are not accruing when they are not accruing, and (2) that the FDCPA does not impose a duty to encourage consumers to delay repayment of their debts. *Taylor*, 886 F.3d at 214.

15. In the present case, CSI's letter is clear: the letter discloses to Plaintiff an itemization of what is and what is not included in the total amount due; the letter clearly indicates that no interest is charged; the letter clearly indicates that no other charges are included.  Despite such clear terms, Plaintiff argues that the itemization of interest and other charges made the letter less, rather than more, clear.  Adopting Plaintiff's reading of the letter and application of the FDCPA would require debt collectors to include specific language that encourage consumers to delay repayment of their debts—the exact interpretation of the FDCPA with which the Second Circuit disagrees.

**D.    The cases cited by CSI are analogous to the present case.**

16. Additionally, Plaintiff strains to distinguish *Hussain* from the present case. As even Plaintiff recognizes, letters at issue in *Hussain* and in the present case are similar—both include an itemization of interest totaling $0.00 (Doc. 9 at 10 ("the collection letter in *Hussain* did include a representation that the 'total of interest post

charge-off' and 'total of non interest post charge off' totaled $0.00 respectively")). Plaintiff attempts to distinguish *Hussain* by stressing the focus of the allegation—specifically that in *Hussain*, the allegation concerns "whether it is a per se violation of the FDCPA to fail to mention whether interest is accruing", while in the present case, the allegation concerns whether the itemization of interest totaling $0.00, is a violation of the FDCPA (Doc. 9 at 10–11).

17. The facts and allegations made in *Hussain* and in the present case are analogous. (*Compare* Doc. 1 to *Hussain v. Alltran Financial, LP, et al.*, No. 17-cv-3571-ARR-CP (E.D.N.Y. April 4, 2018)). Both involved static debts. *Id*. Both letters included the correct balance. *Id*. Both letters included an itemization of interest. *Id*. Both letters indicated that the interest was zero. *Id*. Both allegations concern the supposed misleading nature of the letter. *Id*. Both allegations concern the issue of whether interest might accrue in the future. *Id*. Both allegations require the absence of any sort of additional clarifying language. *Id*. In fact, Plaintiff too recognized the importance of the absence of clarifying language (Doc. 4 at 4 (emphasis added) ("By including ['interest' and 'other charges'] references, *absent any sort of additional information*, Defendant intended to instill a deceptive and false sense of urgency.")).

18. Plaintiff further admits that *Delgado* is analogous to the present case and attempts to mitigate its influence by noting that the district court's decision is pending appeal. Addressing the near identical letter sent by CSI in *Delgado*, the federal district court dismissed Plaintiff's § 1692e claim:

> The language in the Letter is clear. It displays the amount due at the top, and includes an itemization in the body of the letter, including

> "Interest: 0.00" and "Other Charges: 0.00." Rather than making a false, misleading, or deceptive statement, the letter sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges.
>
> . . .
>
> Consideration of the Letter as a whole reinforces the fact that it is not misleading. There is no suggestion that the amount due will change if the balance is not paid within a certain period of time and no other mention of interest and other charges.
>
> . . .
>
> Ultimately, the Letter is clear. Delgado does not allege that listing interest and other fees as zero was inaccurate. On the contrary, he alleges that "no interest was due to be assessed on the alleged debt, nor were any other charges." This is exactly what the Letter reflected. The FDCPA does not require Client Services to note that an amount will not increase; "there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated will not change in the future."

*Delgado*, No. 17-C-4364 (internal citations omitted) (quoting *Dicks v. Enhanced Recovery Co.,* No. 15-cv-2631 (RRM) (SMG), 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016)).

19.   *Taylor*, *Hussain*, and *Delgado* all provide clear framework for this Court to rule upon CSI's letter and it clearly leaves this Court with a single conclusion: CSI's letter is clear. No interest or other charges was included in the balance due. CSI's letter reflects exactly that. Consequently, this Court should dismiss Plaintiff's claims as a matter of law.

**E.   The cases relied upon by Plaintiff are distinguishable and unpersuasive.**

20.   Besides *Duarte*, which Plaintiff misconstrues, Plaintiff cites two unpublished federal district court cases in the Seventh Circuit to support her position

that CSI's letter is deceptive (Doc. 9 at 6–8).  Both cases, however, are distinguishable from the present case.  In *Tylke*, the letter at issue included a single statement, "The above balance due *includes* a Verizon Wireless Collection Fee of $0.00" *Tylke*, at *1 (emphasis added).  By contrast, CSI's letter includes an itemization of the total amount due.  And, the *Delgado* Court distinguished this fact:

> An independent sentence stating that the balance "includes" a collection fee could potentially imply to an unsophisticated consumer that one will be included, even if the collection fee at that time is zero.  On the other hand, an itemization accounts for what is and is not included in a total balance.  An itemization of zero shows that the balance due does not include interest or other charges, rather than showing what is included in the balance, which is what distinguishes this situation from *Tylke*.

*Delgado*, No. 17-C-4364.

21.     In the present case, CSI's letter is clear—it discloses to Plaintiff an itemization of what is and what is not included in the total amount due, the letter clearly indicates that no interest is charged, and the letter clearly indicates that no other charges are added.

22.     Admittedly, *Wood v. Allied Interstate, LLC* departs from the conclusion reached by *Delgado. See Wood v. Allied Interstate, LLC*, No. 1:17-cv-04921 (N.D. Ill. June 13, 2018).  The *Wood* court, however, departed from the reasoning adopted not only by *Delgado* but also by other federal district court cases. *Id.*; *cf Jones v. Professional Finance Co., Inc.*, 2017 WL 6033547 (S.D. Fla. Dec. 4, 2017); *Dick v. Enhanced Recovery Co.*, 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016); *Hussain v. Alltran Financial, LP, et al.*, No. 17-cv-3571-ARR-CP (E.D.N.Y. April 4, 2018). Moreover, the *Wood* court did not identify any case which undertook a similar departure. *See generally Wood*, No. 1:17-cv-04921.

23. If CSI's letter sent to Plaintiff is found to be misleading or deceptive "[d]ebt collectors would be damned if they do and damned if they don't." *Delgado*, No. 17-C-4364. As the court is *Delgado* recognized a bizarre and idiosyncratic interpretation of collection letters such as the one proposed by Plaintiff would "essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much." *Id.*

24. The purpose of the FDCPA is simply to regulate collection activity, not to ban it completely. The FDCPA was enacted to target debt collectors who *harass, oppress, mislead, and intend to victimize* the least sophisticated consumer. The labored reading of the letter that Plaintiff seeks is exactly the kind of practice that courts have worked to protect debt collectors from.

**F.     Plaintiff's 15 U.S.C. § 1692f and Tex. Fin. Code Ann. § 392.304 claims should be dismissed because they fail to identify misconduct beyond that which gas already been identified in Plaintiff's § 1692e claim.**

25. Plaintiff alleges that CSI failed to address Plaintiff's claim under 15 U.S.C. § 1692f, CSI did not fail to address Plaintiff's § 1692f claim. Plaintiff's assertion is predicated on the assertion that Plaintiff brings different claims under §§ 1692 e and f. However, this is untrue. Rather, Plaintiffs § 1692e claim *is* his § 1692f claim. And, courts have made clear that a complaint is deemed deficient under § 1692f if it fails to identify misconduct beyond that which a plaintiff asserts in its other FDCPA claims. *Fath v. BAC Home Loans*, 2013 U.S. Dist. LEXIS 89075, at *34 (N.D. Tex. Apr. 26, 2013).

26. Plaintiff's entire § 1692f claim concerns the alleged misleading nature of CSI's letter through its reference to "interest" and "other charges" (Doc. 1 at 5). This is the same alleged misconduct Plaintiff bases her other FDCPA claim (*see* Doc. 1 at 4 (§ 1692e claim based upon the alleged misleading nature of CSI's letter through its reference to "interest" and "other charges"). Accordingly, Plaintiff's § 1692f claim should be dismissed.

27. Similarly, Plaintiff's entire TDCA claim concerns the same alleged misleading nature of CSI's letter, which Plaintiff alleges as her § 1692e claim (*see* Doc. 1, at 6–7). Consequently, for the same reasons shown that Plaintiff's § 1692e claims fail as a matter of law, this Court should dismiss Plaintiff's TDCA claim.

## CONCLUSION

28. This Court stated that it could not properly rule on CSI's Motion to Dismiss without viewing the letter at issue. (Doc. 12 at 5). After review, "the letter is clear . . . there is no indication in the Letter that the balance is subject to increase." (*Id.*); *Delgado*, No. 17-cv-4364, 2018 WL 1193741, at *4.

WHEREFORE, PREMISES CONSIDERED, Defendant CLIENT SERVICES, INC. requests this Court grant its *Amended Motion to Dismiss* in its entirety and dismiss Plaintiff's claims with prejudice.

Date:  May 6, 2019                              Respectfully submitted,

                **MALONE FROST MARTIN PLLC**

                */s/ Robbie Malone*
                ROBBIE MALONE
                State Bar No. 12876450
                Email: rmalone@mamlaw.com
                EUGENE XERXES MARTIN, IV
                State Bar No. 24078928
                Email: xmartin@mamlaw.com
                COOPER M. WALKER
                State Bar No. 24098567
                Email: cwalker@mamlaw.com
                8750 North Central Expressway, Suite 1850
                Dallas, Texas 75231
                T: 214-346-2630 | F: 214-346-2631

                ***COUNSEL FOR DEFENDANT***

## CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel via **CM/ECF** on this 6th day of May, 2019 to:

Nathan Charles Volheim
Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Email: nvolheim@sulaimanlaw.com
Email: thatz@sulaimanlaw.com

                */s/ Cooper Walker*
                COOPER M. WALKER